**YING FU ZHU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–3338–ag.

United States Court of Appeals, Second Circuit.

Jan. 7, 2009.

---

Stuart Altman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Linda S. Wernery, Assistant Director; Susan Bennett Green, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present: ROGER J. MINER, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ying Fu Zhu, a native and citizen of the People's Republic of China, seeks review of a June 25, 2008 order of the BIA, affirming the March 13, 2007 decision of Immigration Judge ("IJ") Thomas J. Mulligan, who denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Fu Zhu,* No. A200 039 981 (B.I.A. Jun. 25, 2008), *aff'g* No. A200 039 981 (Immigr. Ct. N.Y. City Mar. 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d

162, 165 (2d Cir.2008).[1]

■ Upon our review of the record, we find that substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin,* 534 F.3d at 165. The IJ found that Zhu's demeanor indicated that he was not testifying in a credible manner, noting that he often paused for a long period of time before answering questions and appeared very listless during his testimony. After observing this testimony, the IJ was left with the impression that the testimony was "completely memorized." We are in no position to disagree with such findings. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005) (stating that particular deference is given to the trier of fact's assessment of demeanor); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

■ The IJ also reasonably relied on other inconsistencies and omissions in the record. For example, during his direct testimony and in his asylum application and amended statement, Zhu stated that he was arrested and detained once in China. However, during cross-examination, Zhu stated that he had been arrested a second time and detained for three hours and interrogated by police. Similarly, although Zhu testified that there was never a warrant for his arrest in China, he submitted a warrant into evidence. When asked about the warrant during cross-examination, Zhu testified that he had not seen it before, later changing his testimony and claiming to have seen it when it was sent. Such discrepancies served to undermine Zhu's credibility. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–107 (2d Cir.2006); *see also Xian Tuan Ye v. DHS,* 446 F.3d 289, 295–96 (2d Cir.2006) (holding that an applicant's failure to include any reference to his alleged detention and beating in his I–589 form is a "self evident" inconsistency that the agency may rely on without first soliciting an explanation). Having called Zhu's testimony into question, the IJ reasonably requested additional corroborative evidence. Zhu's failure to provide such evidence rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Ultimately, the discrepancies the IJ identified constitute substantial evidence for his adverse credibility determination. *See Xiu Xia Lin,* 534 F.3d at 165–66; *see also Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Thus, the agency's denial of Lin's application for asylum was not improper. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because Zhu based his claim for withholding of removal on the same factual predicate as his asylum claim, that claim necessarily fails. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, despite Zhu's argument to the contrary, the agency did not err in denying his CAT claim on the basis of the IJ's adverse credibility determination where that claim was based on the same factual predicate as his application for asylum and withholding of removal. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005) (concluding that the agency does not err in relying on an adverse credibility finding to deny CAT claim where the credibility determination went precisely to the point that needed proving to make out a CAT claim).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for

---

1. The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005). *See* Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); *see also Xiu Xia Lin,* 534 F.3d at 165.

a stay of removal in this petition is DIS-MISSED as moot.